**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRANCISCO RODRIGUEZ,

       Plaintiff,

v.                                                                                                  No. CIV-05-681 JH/LCS

ALLEN COOPER, Warden; et., all
in their individual and official
capacity,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated at the Cibola County Correctional Facility ("CCCF").  He alleges that he has been denied telephone and mail communications with an ex-employee of the facility.  Plaintiff claims that Defendants' actions have violated a number of his constitutional protections.  The complaint seeks damages and injunctive relief.

The complaint alleges that during late 2003, Plaintiff communicated by mail with a female employee of CCCF.  On January 1, 2004, Defendant Lucero announced that the employee no longer worked at the facility and told Plaintiff that he was not allowed to communicate with her by mail.  Subsequently, Plaintiff also was prohibited from having telephone communications with the ex-employee, although the complaint does not identify the Defendant(s) that imposed this restriction.

The named Defendants are superiors, subordinates, and co-workers of Defendant Lucero.  The complaint contains no factual allegations against any of these other Defendants specifically linking them to the alleged deprivations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Here, Plaintiff alleges that the warden and assistant warden are responsible for policies, and that they and certain other Defendants denied grievances.  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *Id.*  Furthermore, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).  The Court will dismiss Plaintiff's claims against all Defendants except Defendant Lucero.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Cooper, Richer, Carpenter, Aragon, and Gutirres are DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver forms, with a copy of the complaint, for Defendant Lucero.

_____
UNITED STATES DISTRICT JUDGE