IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO RODRIGUEZ,

      **Plaintiff,**

vs.                                          Civ. No. 05-0681 JH/LCS

ALLEN COOPER, Warden, et al.,
in their individual and official capacities,

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, filed on January 12, 2006. (Doc. 16.) On July 1, 2005, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 4.) The Motion to Dismiss is fully briefed and the Court finds there is no need for an evidentiary hearing. (*See* Docs. 16-19.) The United States Magistrate Judge, having considered the submissions of the parties, the relevant law, and being otherwise fully advised, finds that Defendant's motion is well-taken and should be **GRANTED**, and further finds that Plaintiff should be given thirty days from the entry of dismissal without prejudice to amend his complaint.

## PROPOSED FINDINGS

### I.    FACTUAL BACKGROUND

1.    Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a Civil Rights

Complaint in this Court on June 17, 2005, alleging that Defendant Lucero and several other prison officials violated Plaintiff's constitutional rights by restricting written and telephonic communication between Plaintiff and a former prison employee. (Doc. 1.) All named defendants except for Defendant Lucero were dismissed for failure to state a claim by a Memorandum, Opinion, and Order filed on September 15, 2005. (Doc. 7.) Defendant Lucero, the prison's Special Investigation Supervisor, answered and moved to dismiss for failure to state a claim. (Docs. 14, 16.)

2.     Mr. Rodriguez, who was a prisoner at the Cibola County Correctional Facility ("CCCF") but is now free after completing his prison sentence, alleges that on or about January 1, 2004, Defendant Lucero questioned Plaintiff regarding mail Plaintiff was sending to and receiving from a certain post office box. (Doc. 1 at 7.) CCCF officials had discovered that a former female employee of CCCF, Ms. Victoria Malizia, with whom Plaintiff was romantically involved, owned the post office box. (*Id.*) Defendant Lucero informed Plaintiff that Plaintiff would not be allowed to receive mail from or send mail to the post office box. (*Id.*) Defendant Lucero then returned letters from Ms. Malizia to Plaintiff that had been confiscated from Plaintiff's cell. (*Id.*)

3.     Mr. Rodriguez continued to write and call Ms. Malizia. (*See id.* at 7-9.) In January of 2005, Mr. Rodriguez placed a letter to Ms. Malizia in the prison mail box, but the letter was returned to him the next day with the notation "Restricted Mail" stamped onto it. (*Id.* at 9.) Plaintiff did not receive notice that his mail had been restricted. (*Id.*) Plaintiff submitted an "Inmate Request to Staff Form" to the Assistant Warden on February 2, 2005, asking why his phone calls and written correspondence to Ms. Malizia were restricted. (*Id.* at 10, Ex. C-2.) The form was forwarded to Ms. Aragon, a prison Telephone Monitor, for her review and response.

(*Id.* at 10, Ex. C-2.)  When Mr. Rodriguez received the completed form, the comments under "Disposition" included: Plaintiff is "corresponding with an ex-staff member.  Therefore, [Plaintiff] will not be allowed to telephone, send mail or receive mail from that person."  (*Id.* at Ex. C-2.)  Defendant Lucero signed and dated the form.  (*Id.*)

   4. On February 8, 2005, Plaintiff filed a "Grievance Informal Resolution Form" regarding the restrictions on his correspondence with Ms. Malizia.  (*Id.* at 10, Ex. C-1.)  Plaintiff received a response to this grievance, but it was not signed by Defendant Lucero.  (*Id.* at 10, Ex. C-1.)  Plaintiff appealed this response; the decision on appeal was not signed by Defendant Lucero, but by Mr. Matthew Carpenter, a grievance officer.  (*Id.* at 11, Exs. D-1, D-2.)  Mr. Rodriguez appealed Mr. Carpenter's decision to the warden, Mr. Allen Cooper.  (*Id.* at 11, Ex. D-4.)  Mr. Cooper denied the appeal; again, Defendant Lucero's signature does not appear on this decision.  (*Id.* at Ex. D-4.)  After the warden's denial of Plaintiff's appeal, Plaintiff filed another appeal to the Administrative Remedy Coordinator, Mr. James Beurell, at the Bureau of Prisons. (*Id.* at 12, Exs. F-1, F-2.)  Because the issue involved is not appealable to the Bureau of Prisons, Mr. Beurell rejected Plaintiff's appeal.  (*Id.* at 13, Ex. F-2.)  While Mr. Rodriguez's appeals were pending, he received two notices, signed by the prison warden, that his telephone access had been restricted.  (*Id.* at 11-31, Exs. E-1, E-2.)  Neither of the notices were signed by Defendant Lucero.  (*See id.* at Exs. E-1, E-2.)

  **II. STANDARD GOVERNING A MOTION TO DISMISS**

   5. In considering a motion to dismiss based on failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), I will "accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff."  *Ramirez v. Dep't of Corrections*, 222

F.3d 1238, 1240 (10th Cir.2000) (citation omitted).  I will not dismiss Mr. Rodriguez's Complaint "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  I am mindful that Plaintiff is proceeding *pro se* in this matter, so I will construe his pleadings liberally and hold him "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  But the fact that he is *pro se* does not relieve him from following the Federal Rules of Civil Procedure.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

### III.     ANALYSIS

### A.     Mr. Rodriguez's Claims Must Be Dismissed Because He Failed to Allege Facts Sufficient to State a Claim for Relief Against Defendant Lucero.

6.     "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall*, 935 F.2d at 1110.  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.* (citations omitted).  Here, Plaintiff's Complaint contains no factual allegations alleging that Defendant Lucero was personally involved in the decision to restrict Plaintiff's communications with Ms. Malizia.  *See Mitchell vc. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  (*See also* Doc. 1 at 5, 7, 10, 15-16.)  Rather, the Complaint merely alleges that Defendant Lucero informed Plaintiff of the decision; this is insufficient conduct to state a claim for a constitutional violation.

### RECOMMENDED DISPOSITION

I recommend that Defendant's Motion to Dismiss be **GRANTED** due to Plaintiff's failure to state a claim for which relief can be granted. (Doc. 16.) I recommend that Plaintiff's complaint be dismissed without prejudice. I further recommend that Plaintiff should be given thirty days from the dismissal to amend his complaint.

Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**